## MOST WORSHIPFUL ST. JOHN GRAND LODGE, etc., v. CARTER.

No. 25564. Jan. 14, 1936.

R. Emmett Stewart and P. A. Chappelle, for plaintiff in error.

A. L. J. Meriwether and J. H. Stephens, for defendant in error.

PER CURIAM. This is a suit upon a fraternal benefit policy issued by the Most Worshipful St. John Grand Lodge of Ancient Free and Accepted Masons of Oklahoma. The action was maintained by Ruth E. Carter, the widow of J. A. U. Carter, who, as it is admitted in the record, was a member of Fidelity Lodge No. 136, of Sapulpa, Okla., a subordinate lodge of the afore-

said grand lodge. The local lodge was made the agent of the grand lodge for the purpose of collecting dues. The vital point involved in the suit and now up for review relates to the financial standing of the insured under the provisions of the by-laws of the order and the terms of the certificate. The plaintiff contended that certain dues had been paid, which were not reflected in and by the records, made by the secretary of the lodge, while the defendant contended that the booklet, which purported to contain these records, did, in the different entries therein, include all of the payments which had been made by or for the deceased. The insured died on the 20th day of August, 1932. The defendant, plaintiff in error, notwithstanding the book entries, admitted that the deceased was in good standing up to January 1, 1932, and the principal contention pertained to a certain receipt issued on December 7, 1931, for $6.50, being a sum paid by the plaintiff in error, then the wife of the insured, on that date, and also another certain receipt for $3.50, the year date of which was in dispute, but which purported to have been issued on March 9, 1932. The plaintiff in error contended that these receipts were reflected and that they were entered in the book, while the defendant in error, the plaintiff in the lower court, contended that they were not so entered. The secretary of the lodge, a man by the name of Pierce, insisted that the deceased made payments at intervals, not in regular order, and that when a payment was so made a receipt was issued for the sum so paid, and that the same was then or thereafter entered on the book so as to show credits in the order of delinquency, or to that effect. The testimony of this witness is confusing in many ways. He testified vaguely, from memory much of the time, did not produce his official records, and his testimony on many points was at variance with the records, the testimony of other witnesses, and with the admission that the dues were paid up to January 1, 1932, and it cannot consistently be said that the jury was bound to accept his statements as being true. The record also shows that this insured was permitted to pay his dues at intervals without reference to the due date thereof and it is indicated that he was seldom, if at all, fully up with his payments, except as shown by the admission of the payment thereof to January 1, 1932. The receipt dated in March, 1932, shown as exhibit "F," is not at all satisfactorily explained away and was before the jury as a presumptive payment on the 1932 dues. The wife of the insured made the $6.50 payment in December, 1931, and payment thereof was received. She offered to pay up all delinquent dues, during the lifetime of the insured, and the same was refused. It does not appear that this insured was ever actually dropped from the rolls of the lodge and the defense is based upon the theory of automatic suspension under the by-laws. He had the right to pay without medical examination at any time within six months from the first day of the quarter for which he was first delinquent, and if he was not more than six months delinquent at the time of the tender, then such tender should have been accepted. Then, too, a course of conduct is shown upon which the jury might reasonably have concluded that the exact terms of the by-laws were not adhered to in the handling of this account, and that strict compliance therewith had been waived.

The trial court, who heard the testimony from the mouths of the witnesses and who observed their demeanor upon the witness stand, and who had before him for personal examination the original records and documents offered in evidence, concluded that there was sufficient evidence upon which to submit the case to the jury upon the facts, and we so conclude. The court properly instructed the jury upon the law as applied to the facts in the case, and the jury thereupon reviewed the facts and decided the issues thereon in favor of the plaintiff, the defendant in error. The record has been carefully examined, and it appears that there was sufficient proof to reasonably support the finding and verdict of the jury. The court, therefore, committed no error in overruling the motion for new trial.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. C. Austin, Ross Rutherford, and Waldo T. Oden in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Austin and approved by Mr. Rutherford and Mr. Oden, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.